**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**GREGORY WALKER and
SERENA WALKER,**

        **Plaintiffs,**

**v.**                                      **Case No.:  3:24-cv-00063**

**AMERICAN STRATEGIC INSURANCE
CORP,**

        **Defendant.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

        Pending before the Court is Plaintiffs' Motion to Compel Discovery. (ECF No. 21). The Court **GRANTS**, in part, and **DENIES**, in part, the motion.  The parties shall bear their own costs and attorney fees associated with this motion and any discovery compelled by this Order.

## I.    <u>Relevant Facts and Procedural History</u>

        This civil action was filed by Plaintiffs Gregory and Serena Walker (hereinafter "Plaintiffs") on or about February 9, 2024, in this Court. (ECF No. 1). Plaintiffs' Complaint alleges causes of action against American Strategic Insurance Corp. (hereinafter "ASI") for Breach of Contract and Statutory and Common Law Bad Faith. (*Id.* at 7-10). The Plaintiffs' claims arise from a fire that occurred on October 23, 2023, at Plaintiffs' residence located at 169 Right Fork Beach Road, East Lynn, Wayne County, West Virginia ("the property"). (*Id.* at 3-4). The fire resulted in a total loss of the residence on the property. (*Id.* at 4).

At the time of the fire, the property was insured by ASI pursuant to the provisions of a homeowners' policy of insurance with effective dates of July 28, 2023, to July 28, 2024. (*Id.* at 2). Plaintiffs also had in place another, separate homeowners' policy of insurance for the same property, obtained through West Virginia Insurance Company (hereinafter "W.Va. Insurance"), with effective dates of May 13, 2023, to May 13, 2024. (*Id.* at 3). Plaintiffs initiated claims with both ASI and W.Va. Insurance following the October 23, 2023, fire. (*Id.* at 4-5). Following the fire, Plaintiffs asserted that they were entitled to recovery of 72.25% of the value of the limit of insurance available under the ASI policy and 27.75% of the limit of insurance available pursuant to the W.Va. Insurance policy. (*Id.* at 6). A dispute arose concerning the application of W. Va. Code § 33-17-9 to the loss at issue. Plaintiffs then filed this civil action. Following the filing of the Complaint, ASI moved to dismiss the Complaint on April 4, 2024. (ECF Nos. 8 and 9). The Motion to Dismiss was recently denied by Order entered by the Honorable Robert C. Chambers on August 29, 2024. (ECF No. 25).

On or about May 23, 2024, Plaintiffs served "PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION (1ST SET) TO DEFENDANT AMERICAN STRATEGIC INSURANCE CORP." (ECF No. 14). The written discovery requests consisted of five interrogatories and fourteen requests for production of documents and things. By agreement of the parties, the deadline for responding to that discovery was extended. On July 11, 2024, ASI served "DEFENDANT'S ANSWERS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION." (ECF No. 20). As part of its responses, ASI produced certain documents which it deemed responsive to the Plaintiffs' requests but asserted objections to responding to several of Plaintiffs' requests, either in whole or in part. ASI also

produced a log identified as "Privilege/Relevance Log (July 11, 2024)," wherein ASI identified and listed those documents which it contended were subject to privilege due to attorney client, work product, or what ASI termed "non-relevant."

On or about July 23, 2024, Plaintiffs served correspondence on ASI, alleging deficiencies in ASI's discovery answers and responses and requested a conference pursuant to L.R. Civ.P. 37.1(b). That conference was conducted telephonically on August 1, 2024. However, the parties were unable to resolve their dispute, and Plaintiffs filed their motion to compel on August 8, 2024. (ECF Nos. 21, 22).

### A. Motion to Compel

In the motion to compel, Plaintiffs contend that ASI's objections are unfounded and they seek to compel ASI to answer and/or supplement its answers to Interrogatories No. 1 and 2 and Requests for Production No. 2, 3, 5, 8, 9, 10, 11, and 14. Plaintiffs further request that the Court compel ASI to produce all documents withheld under a claim of work product non-discoverability to the Court for *in camera* review. (ECF No. 22). In its response to the motion, ASI contends that its objections are "based upon the facts and controlling law" and that the Plaintiff's motion should be denied. (ECF No. 23 at 15).

## II.  Relevant law

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of discovery:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). Yet, even if seeking relevant information, the discovery request must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

A party may serve interrogatories, requests for production of documents, and/or requests for admission, which are generally all due within 30 days of service. Fed. R. Civ. P. 33, 34, 36. However, the parties may stipulate under Rule 29 of the Federal Rules of Civil Procedure to modify that timeframe. Fed. R. Civ. P. 29. Any objections to discovery requests must be stated with specificity. Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B); 36(a)(4), (5).

A party dissatisfied with a discovery response or lack of response can move for an order compelling disclosure or discovery after conferring or attempting to confer with the party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). Importantly, the party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Tinsley v. OneWest Bank, FSB*, No. 3:13-CV-23241, 2014 WL 7005852, at *2 (S.D.W. Va. Dec. 10, 2014) (citations omitted). As such, conclusory and unsubstantiated allegations are simply insufficient to support discovery objections based on the grounds of annoyance, burdensomeness, oppression, or expense. *Id.* With those rules in mind, the Court addresses the specific discovery disputes identified in Plaintiffs' motion.

### III.  **Discussion**

Plaintiffs' Interrogatory No. 1 sought identification of ASI's "employees/agents/representatives/contractors" who participated in several enumerated areas related to Plaintiffs' fire loss claim.  (ECF Nos. 22 at 6, 23 at 5). ASI objected to subsections (b) and (c) of Interrogatory No. 1 which dealt with the underwriting of the Policy and any pre-loss inspections of the insured property, respectively, on the basis that the information sought was "not relevant." (ECF No. 23 at 5). ASI further objected to responding to subsection (e), which sought to identify individuals associated with the "handling, adjusting and/or payment decisions respecting the Insurance Claim" on the grounds of attorney-client privilege and/or work product. (*Id.*). In response to the motion, ASI elaborated that information concerning its underwriting file was not relevant and may be protected as its practices may refer to underwriting standards which must be filed with the West Virginia Insurance Commissioner, and which, according to ASI, may be exempt from disclosure pursuant to W.Va. Code 29A-1-1, *et. seq.*

Given the nature of Plaintiffs' asserted claims, the information sought in Interrogatory 1, subsections (b), (c) and (e), is clearly relevant and discoverable in this matter.  Furthermore, the Court finds that ASI's contention that information concerning its underwriting file would be precluded from disclosure by West Virginia law is likewise unfounded.  While ASI is correct that its underwriting standards are protected by statute, there is no such prohibition against production of information concerning its underwriting file for the claim at issue herein.  *See* W.Va. Code 33-17A-4a(f).  Thus, ASI is hereby **ORDERED** to answer Interrogatory No. 1, subsections (b), (c), and (e), within **10 days** of entry of this Order.

Interrogatory No. 2 of Plaintiffs' discovery asked the Defendant to set forth how ASI set the applicable policy limit of $250,000.00 and to describe "all that was considered in setting that limit." (ECF No. 22 at 7). ASI objected to responding to that interrogatory on the basis of relevancy. *(Id.)*. Given the nature of the claims at issue, the Court finds that ASI's objections are unfounded and that the requested information is relevant and discoverable herein. Thus, ASI is hereby **ORDERED** to answer Interrogatory No. 2 within **10 days** of entry of this Order.

Plaintiffs' Requests for Production Nos. 1 and 3 sought production of ASI's underwriting file and documents related to the application for insurance, respectively. (ECF No. 22 at 8). ASI objected to both requests on the basis of relevancy. Given the nature of the claims at issue, the Court finds that ASI's objections are unfounded and that the requested information is relevant and discoverable herein. Thus, ASI is hereby **ORDERED** to respond to Requests for Production Nos. 1 and 3 **within 10 days of entry of this Order**.

Plaintiffs' Request for Production No. 2 sought documents which ASI considered in determining the policy limits and premium related to the insured premises. (ECF No. 23 at 6). Plaintiffs' Request No. 5 sought the following:

> REQUEST NO. 5: Produce all documents constituting and/or commemorating any and all communications in any form between You and the following in any way relating to the application for the Policy, the underwriting of the Policy, the issuance of the Policy, the Fire Loss Occurrence, Your decisions on coverage for the Fire Loss Occurrence, and/or Your decision on what to offer to pay plaintiffs upon their Dwelling Coverage claim:
>
> (a) Gregory Walker;
> (b) Serena Walker; and,
> (c) West Virginia Insurance Company.

(*Id.* at 7).

6

ASI objected to both requests on the basis that the documents sought were not relevant because they dealt with underwriting. (*Id.* at 6-9). ASI also objected to Request No. 2 on grounds that the information sought was "business proprietary" in nature. (*Id.* at 6-7). ASI further objected to Request No. 5 on the basis of attorney-client and work product. (*Id.* at 7). ASI produced some documents, Bates Nos. 000005-000327, and a "Privilege/Relevance Log" referencing a number of documents which it either identified as subject to privilege or "Non-Relevant" in response to Request No. 5. (ECF No. 21-2 at 12-16). The documents referenced in the "Privilege/Relevance Log" are described in the document. (*Id.*). However, those documents have not been produced to the Court for *in camera* review. The only identified reason stated in the log for many, if not most, of the documents is that they are "Non-Relevant." *(Id.)*.

As previously stated, given the nature of the claims at issue, the Court finds that ASI's objections as to underwriting are unfounded and that the requested information is relevant and discoverable herein. Thus, those documents to which ASI objects to producing solely on the basis that they are "Non-Relevant" are subject to discovery and should be produced. Without *in camera* inspection of documents, the Court is in no position to evaluate ASI's claims of attorney-client or work product as to the remaining documents. Likewise, the Court cannot evaluate any claims of "business propriety" as to any particular document at this time. However, if there are confidentiality concerns as to a particular document, it would appear that such concerns could likely be addressed by an appropriate protective order. Thus, ASI is hereby **ORDERED** to produce those documents which are responsive to Requests Nos. 2 and 5 to which the only objection was relevancy within **10 days** of entry of this Order. ASI is further **ORDERED** to produce to the Court for *in camera* inspection and review those documents which it contends are

not subject to disclosure on the basis of attorney-client privilege or work product within **10 days** of entry of this Order.  As to any documents which may contain business proprietary information, the parties are **ORDERED** to meet and confer concerning a proposed protective order and submit the proposed protective order to the Court for entry within **10 days** of this Order. ASI shall have an additional **10 days** from entry of the protective order to produce the responsive proprietary business documents. Pursuant to Local Rule of Civil Procedure 26.4(b), the Agreed Protective Order available on the Court's website is the preferred protective order in this district. Therefore, motions requesting modifications to the provisions of the Court's Protective Order should be made sparingly and only for good cause.

Plaintiffs' Request for Production No. 8, sought production of "all documents comprising manuals, handbooks, guidelines, policies, rules and/or like documents however identified, related to and/or governing the insuring of real property and structures thereon in West Virginia." (ECF No. 22 at 9). ASI objected to that request as overbroad, not relevant and disproportionate to the needs of the case. (*Id*.). In their Reply, Plaintiffs expressed a willingness to limit the timeframe requested to January 1, 2023 to the present.  (ECF No. 24).  However, even with such a limitation, the Court finds that the request seeks information which is overbroad and does not relate solely to homeowners' coverage of fire loss claims such as the one at issue herein.  Thus, the Court **DENIES** Plaintiffs' motion to compel as to Request No. 8.

In Request No. 9, Plaintiffs seek essentially the same information sought in Request No. 8, but they limited the request to fire policies. (ECF No. 23 at 7). ASI again asserted that the request was overbroad, disproportionate, and not relevant. *(Id.)*. Again, in their reply, Plaintiffs agreed to limit the request to January 1, 2023, to the present.

8

(ECF No. 24). Given the nature of the claims at issue, the Court finds that ASI's relevance objection is unfounded and that the requested information is relevant and discoverable herein. Furthermore, the Court finds that with the limitation of timeframe to January 1, 2023, to present that the request is proportionate to the needs of the case and is not overly burdensome. Thus, ASI is hereby **ORDERED** to respond to Request for Production No. 9 within **10 days** of entry of this Order.

Plaintiffs' Request for Production No. 10 sought production of financial statements relevant to punitive damages. ASI objected to the request alleging that the issue of production of financial information was premature. (ECF No. 23 at 10-12). In their reply, Plaintiffs' essentially consent to deferral of this issue. (ECF No. 24). Thus, the Court will hold this issue in **ABEYANCE** pending further discovery. Plaintiffs shall file a renewed motion to compel on this issue before the discovery deadline if they wish for the Court to consider it. The motion will not be considered untimely under Local Rule of Civil Procedure 37.1(c) as to this discovery request.

Plaintiffs' Request for Production No. 11 and ASI's response were as follows:

REQUEST NO. 11: Respecting West Virginia insureds and/or policies applied for and/or issued in West Virginia for the years 2019 to the present, produce all written complaints about you, whether filed in a court of law, a state administrative office or to any of your agents, servants, employees or offices which in any way question and/or complain about your handling of a real property fire loss insurance claim and/or which assert allegations of unfair trade practices or violations of the covenant of good faith and fair dealing respecting these type of claims.

RESPONSE: Objection. ASI objects to this request to the extent that it is overbroad, not narrow as to scope and lacks specificity as required by Rule 34 of the Federal Rules of Civil Procedure. Moreover, said request is not relevant to the claims or defenses asserted and seeks information that is disproportionate to the needs of the case. Finally, ASI objects to Request No. 11 as the mere fact a complaint is filed is not dispositive of any conduct alleged therein.

Pursuant to the provisions of W.Va. Code 33-11-4(10), West Virginia law requires insurers to "maintain a complete record of all the complaints which it has received" indicating the "total number of complaints, their classification by line of insurance, the nature of each complaint, the disposition of these complaints, and the time it took to process each complaint." W.Va. Code 33-11-4(10). Complaint is defined as "any written communication primarily expressing a grievance." *Id.*

Given that the requested information is required to be maintained by West Virginia law, the Court finds ASI's objection on the basis that it is overly burdensome to be unfounded. Furthermore, the Plaintiffs agreed in their Reply to limit the request even further to only the time period from January 1, 2023, to the present. (ECF No. 24 at 4). Thus, the request is now limited to those written complaints over less than a two-year period. As such, ASI is hereby **ORDERED** to respond to Request for Production No. 11 within **10 days** of entry of this Order.

The final request for production of documents at issue herein is Plaintiffs' Request for Production No. 14. That request and ASI's response are as follows:

REQUEST NO. 14: If you have not done so in response to other requests set forth herein, produce the non-privileged portions of your claim file and/or other documents associated with the insurance coverage claim at issue in this civil action, including but not limited to:

(a) All memoranda or other form of written communication of any of your employees relating to the initial processing of the claims when you first received the claim;
(b) All memoranda or other form of written communication of any of your employees or agents relating to the continued handling/adjusting of the claim;
(c) All written communications between the plaintiffs, including through the plaintiffs' representative(s), and you;
(d) All written communications between you and any third party concerning the investigation, processing, acceptance and/or evaluation of the claim;
(e) All memoranda or other form of written communication from any of your employees or agents concerning the claim;

(f) All photographs, financial records, private/protected information respecting plaintiffs, or investigative reports concerning the claim, obtained and/or created by or on your behalf relating to the claim;

(g) All file folders or file jackets and adjacent or related exhibit folders in which any documents or other materials are filed or maintained;

(h) All diaries or claim file logs, including computer logs or telephone logs, relating to the claim;

(i) Any electronic mail messages in any way related to the processing, handling, or adjusting of the claim;

(j) Any files, documents, correspondence, electronic mail, email, messages which in any way reflect the handling of the claim.

RESPONSE: Objection. ASI objects to this request to the extent that it is overbroad, not narrow as to scope and lacks specificity as required by Rule 34 of the Federal Rules of Civil Procedure. ASI further objects to Request No. 14 as the same requests information in the form of a "claims file" which term is not defined and capable of multiple interpretations. Moreover, said request is not relevant to the claims or defenses asserted and seeks information that is disproportionate to the needs of the case as it relates to claims in general. Subject to and without waiving said objections, please see Bates Nos. 000133-000208, also produced in response to Request for Production No. 5, as well as documents attached hereto as Bates Nos. 000416-000419. ASI has also produced herewith a corresponding Privilege/ Relevance Log.

In common parlance, the term "claims file" is clearly meant as the file of documents related to the Plaintiffs' claim and the adjustment of the same.  It is also apparent from its response that ASI understood that request and provided documents responsive to that request.  ASI once again asserted that some requested documents are not relevant and or protected by attorney-client privilege or work product.  ASI references the Privilege/Relevance Log which the Court previously addressed.  However, without *in camera* inspection of documents, the Court is in no position to evaluate ASI's claims of attorney-client or work product as to those specific documents referenced in the log.

ASI is hereby **ORDERED** to produce those documents which are responsive to **Request No. 14** to which the only objection was relevancy within 10 days of entry of this Order.  ASI is further **ORDERED** to produce to the Court for *in camera* inspection and

review those documents which it contends are not subject to disclosure on the basis of attorney-client or work product within **10 days** of entry of this Order.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: September 18, 2024

Joseph K. Reeder
United States Magistrate Judge